Opinion issued September 30, 2004








     






In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00153-CV




THE CITY OF HOUSTON, Appellant

V.

BOYER, INC., Appellee




On Appeal from 164th District Court
Harris County, Texas
Trial Court Cause No. 2003-18626 




MEMORANDUM OPINION
          The City of Houston (“the City”) appeals the denial of its plea to the
jurisdiction relating to a breach of contract claim brought against it by appellee
Boyer, Inc. (Boyer). The City does not dispute that it waived immunity from liability
by entering into a contract with Boyer; however, it claims that its immunity from suit
has not been waived. See Gen. Servs. Comm’n v. Little-Tex Insulation Co., 39
S.W.3d 591, 594 (Tex. 2001) (recognizing that when State contracts with private
party it waives immunity from liability but not from suit because legislative consent
is still required). In the trial court and on appeal, Boyer contends that the language
of article II, section 1 of the City’s charter, which provides that the City “may sue and
be sued . . . in all courts and places and in all matters whatever,” waives the City’s
immunity from suit. City of Houston Charter, art. II, § 1 (Act of 1905). 
          In its first appellate issue, the City contends that the charter’s language does
not waive its immunity from suit because such language is not a clear and
unambiguous waiver of immunity. We recently addressed this same issue in United
Water Services, Inc. v. City of Houston, holding that the “sue and be sued” language
found in the City’s charter constituted a clear and unambiguous waiver of the City’s
immunity from suit. 137 S.W.3d 747, 757 (Tex. App.—Houston [1st Dist.] 2004, pet.
filed). The reasoning and holding of United Water likewise apply to this case.
          The City further contends that the charter’s language cannot waive its
immunity from suit because only the Texas Legislature by a legislative enactment can
waive the City’s immunity. This argument was also raised by the City in United
Water. Id. We concluded that the issue need not be decided because it was indeed
the legislature who originally waived the City’s immunity from suit when it enacted
article II, section 1 as part of the 1905 special act granting the City a new charter. Id. 
          In revisiting this issue here, we note that no Texas case has held that a city’s
charter cannot serve to waive the city’s immunity from suit. In support of its
argument that only the Texas Legislature can waive the its immunity, the City cites
the following authority: Texas Natural Resources Conservation Commission v. IT-Davy, 74 S.W.3d 849, 854 (Tex. 2002); Little-Tex Insulation, 39 S.W.3d at 597; and
Federal Sign v. Texas Southern University, 951 S.W.2d 401, 409 (Tex. 1997). 
Importantly, none of these cases addresses whether a charter’s language can serve to
waive a municipality’s immunity form suit. 
          Factually, IT-Davy, Little-Tex Insulation, and Federal Sign each involved a
state government entity being sued for breach of contract by plaintiffs who asserted
that the State had waived immunity from suit by certain conduct. In each of these
cases, the supreme court declined to create waiver of immunity from suit by judicial
fiat. The supreme court concluded that the determination of whether a state entity has
waived immunity from suit by its conduct is a determination better made by the
legislature than by the courts. See IT-Davy, 74 S.W.3d at 854 (recognizing that “the
Legislature is better suited than the courts to weigh the conflicting public policies
associated with waiving immunity”); Little-Tex Insulation, 39 S.W.3d at 597 ( “[W]e
defer to the Legislature to waive sovereign immunity. Accordingly, we refuse to
intercede . . . by judicially adopting a waiver-by-conduct doctrine.”); Fed. Sign, 951
S.W.2d at 409 (“Litigants have repeatedly asked this Court to abrogate one or more
aspects of the State’s sovereign immunity. However, this Court has uniformly held
that it is the Legislature’s sole province to waive or abrogate sovereign immunity.”). 
Thus, the cases relied on by the City are inapposite to whether the charter’s language
in this case can serve to waive the City’s immunity from suit. 
          Because the city charter clearly and unambiguously waives the City’s immunity
from suit, we hold that the trial court properly denied the City’s plea to the
jurisdiction. See United Water, 137 S.W.3d at 757. We overrule the City’s first issue
to the extent that it contends that the charter does not waive the City’s immunity from
suit.


 
 

          We affirm the order of the trial court denying the City’s plea to the jurisdiction.



                                                             Laura Carter Higley
                                                             Justice

Panel consists of Justices Nuchia, Hanks, and Higley